FILED
SUPERIOR COURT
OF GUAM

2018 JAN -4 AM 9: 29

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| WINNIFRED CARTER,<br><br>Petitioner,<br><br>vs.<br><br>CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>and<br><br>DEPARTMENT OF EDUCATION,<br><br>Real Party in Interest. | SPECIAL PROCEEDINGS<br>CASE NO. SP0071-16<br><br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 1, 2017, for hearing on Petitioner Winnifred Carter's ("Petitioner") Petition for Judicial Review. Attorney Daniel S. Somerfleck was present on behalf of Petitioner, Attorney John Nowakowski was present on behalf of Respondent Civil Service Commission ("CSC"), and Attorney Jesse N. Nasis was present on behalf of Real Party in Interest Department of Education ("DOE"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On June 26, 2017, Petitioner filed a Petition for Judicial Review requesting that the Court set aside a Decision and Judgment by the CSC issued on March 29, 2016 ("CSC Decision") in Adverse Action Appeal Case No. 14-AA07S. Petitioner was employed as a

*Carter vs. CSC and DOE*
Case No. SP0071-16
Decision and Order

Page 1 of 6

physical education and health teacher at Jose Rios Middle School. In February 2014, Petitioner was accused of angrily telling a student that "If you had done that to me, I would have broken your jaw," or words to that effect. This statement was made in the main office in front of others, including parent Jamie Sanchez who filed an official complaint with the principal. Prior to this, on June 28, 2013, Petitioner was reprimanded for the discourteous treatment of a student when she squeezed a student's cheeks to see if the student was chewing gum. On April 7, 2014, DOE issued a Final Notice of Adverse Action suspending Petitioner from her position for two days without pay for discourteous and disrespectful treatment of a student. According to the Final Notice, Petitioner had orally answered the charges at set forth in the Notice of Proposed Adverse Action where she acknowledged that the incident occurred as alleged, but asserted that the parent had taken her comments out of context.

On April 8, 2014, Petitioner timely filed an Adverse Action Appeal with the CSC. After a hearing on the merits commencing on February 11, 2016, the CSC found that DOE met its burden of proof and sustained the final notice of adverse action that suspended Petitioner for two days. (CSC Decision at 4).

On April 28, 2016, Petitioner filed the instant Petition for Judicial Review. On June 16, 2017, the Court held a Scheduling Conference, whereby the parties indicated they were waiting on transcripts to be produced before moving forward. On June 27, 2016, DOE filed its Answer. On January 24, 2017, the Court issued a Scheduling Order establishing briefing dates.

On May 11, 2017, the CSC filed its Certification of Records. On May 11, 2017, Petitioner submitted transcripts for CSC Hearings held on February 11, 16, and 25, 2016.

On June 26, 2017, Petitioner filed her Brief. On July 26, 2017, CSC and DOE each filed their own briefs. On August 9, 2017, Petitioner filed her Reply.

On September 1, 2017, the Court heard brief arguments on the matter and subsequently placed it under advisement.

## DISCUSSION

### I. Jurisdiction and Standard for Judicial Review

Judicial review in this matter is governed by 5 G.C.A. § 9240, which provides:

*Carter vs. CSC and DOE*
Case No. SP0071-16
Decision and Order

Page 2 of 6

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

*See also* 4 G.C.A. § 4403(d) ("[t]he [CSC's] decision shall be final but subject to judicial review."). Thus, in reviewing a petition for judicial review, the Court will not disturb an agency's factual findings if they are supported by substantial evidence and in accordance with Guam law. *See* 5 G.C.A. § 9240; *Guam Memorial Hospital v. CSC (Chaco)*, 2015 Guam 18 ¶ 15. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chaco*, 2015 Guam 18 ¶ 15 (internal quotations and citations omitted). This standard is extremely deferential; a reviewing court should uphold an agency's findings unless "the evidence presented would compel a reasonable factfinder to reach a contrary result." *Id.* at ¶ 16 (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgement for that of the agency." *Id.* (citations omitted). Whether the agency's decision was conducted in accordance with the law is reviewed *de novo*. *Guam Waterworks Authority v. CSC (Mesngon)*, 2014 Guam 35 ¶ 5.

## II. Whether the CSC Decision was based upon admissible substantial evidence

The CSC Decision lists five findings based on evidence submitted via exhibits and Petitioner's testimony. *See* CSC Decision at 2-3. First, the CSC found that there was clear and convincing evidence that Petitioner told a student "If you had done that to me, I would have broken your jaw," or words to that effect. *Id.* at 2. Secondly, the CSC found that this comment "could promote violence as a means of conflict resolution and is inconsistent with DOE's standards for teacher conduct and its policies." *Id.* Thirdly, the CSC found that Petitioner was "discourteous and disrespectful to the student involved." *Id.* Fourthly, the CSC Decision found that DOE's action in suspending Petitioner was "appropriate and consistent with its policy for progressive discipline of classified employees." *Id.* at 2-3. Lastly, the CSC found that "threats against a student by an educator betrays public trust because the student may become fearful of

*Carter vs. CSC and DOE*
Case No. SP0071-16
Decision and Order

Page 3 of 6

attending school and therefore interferes with the child's right to receive a free and appropriate public education." *Id.* at 3.

Petitioner argues that these findings are not supported by admissible substantial evidence because they are based only on Petitioner's testimony and unverified out of court statements allegedly made by purported witnesses to the events of February 25, 2014. *See generally*, Petitioner's Brief, Jun. 26, 2017. Petitioner acknowledges that the CSC does not follow the Guam Rules of Evidence, but argues that "there must be some standard to which the Commission will consider proffered evidence" and that the CSC accepted evidence presented by DOE without any foundation or reliability. *Id.* at 5.

The rules of the CSC are subject to Guam's Administrative Adjudication Law. 4 G.C.A. § 4409. Under the Administrative Adjudication Law:

> The hearing need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions. Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. The rules of privilege shall be effective to the same extent that they are now or hereafter may be recognized in civil actions, and irrelevant and unduly repetitious evidence shall be excluded.

5 G.C.A. § 9226. With this standard in mind, the CSC found that the statements presented "appeared to be the kind of evidence a responsible person would rely upon" and that there was "no reason whatsoever to believe that [DOE] perfidiously submitted forged documents to frame the Employee in an effort to uphold a two day suspension." (CSC Decision at 4). Additionally, the CSC found that Petitioner could have rebutted any of the documents in her defense, and that her own testimony presented uncontested facts:

> 1) she signed a statement indicating that she made a statement to a student relating to breaking his jaw; 2) a parent (not of the child being spoken to) who happened to be in the office at the time overheard the statement, found it wildly

*Carter vs. CSC and DOE*
Case No. SP0071-16
Decision and Order

Page 4 of 6

inappropriate, and made a complaint to Employee's supervisor; and, 3) Employee had months earlier received a reprimand for squeezing a student's cheeks.

*Id.* As a result, the CSC found that DOE's adverse action was appropriate. *Id.*

After reviewing the record and the CSC Decision, the Court finds that the evidence presented by DOE at the CSC hearing was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chaco*, 2015 Guam 18 ¶ 15 (internal quotations and citations omitted). Petitioner admitted that she "did make some reference to a broken jaw" but that "I probably said, 'You may have gotten your jaw broken.'" (Tr. Feb. 11, 2016, 111:1-3). Petitioner testified that she recalled a parent "screaming something across the hallway, across the office. But [she didn't] recall her speaking to [her] about this." (Tr. Feb. 11, 2016, 48:20-49:1). Petitioner also acknowledged that she was familiar with DOE's policy against violence. *See* Tr. Feb. 11, 2016, 69: 15-18. It is also undisputed that Petitioner was reprimanded in June 2013 for discourteous treatment of students. *See* Ex. M-41. Additionally, Petitioner admitted to writing a statement about the incident, which says: "I also pointed out that if I had been [student name], I could have fought back protecting myself, maybe even in resulting in injury like a broken jaw." (Tr. Feb. 11, 2016, 43:16-24; 45:1:4). Although Petitioner alleges that she was forced and under duress to write this statement, nothing further is presented on this issue, other than a subsequent allegation that a student's statement is different from one that she had. *See* Ex. M-32; Tr. Feb. 11, 2016, 44:1; 87:4-6 ("I have one from [student name] that is very different from this that he gave me before he was removed from my class."). No other written statements from that student were presented by Petitioner at the hearing, however. The Court finds that the written statements presented by DOE by witnesses to the incident are relevant, and the type of evidence that responsible persons would rely upon, and that they ultimately support the CSC Decision.

Therefore, the Court finds that the CSC Decision and Judgment was supported by substantial evidence, and affirms the Decision.

\\

\\

*Carter vs. CSC and DOE*
Case No. SP0071-16
Decision and Order

Page 5 of 6

## CONCLUSION

For the foregoing reasons, the Court hereby AFFIRMS the CSC Decision and Judgment in Adverse Action Appeal Case No. 14- AA07S issued on March 29, 2016. Judgment will be entered accordingly.

**IT IS SO ORDERED** this 29th day of December, 2017

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

D. Sopia/leck /J. Naukowski
J. Nasis

Date: 1/4/18 Time: 10:00am

*Carter vs. CSC and DOE*
Case No. SP0071-16
Decision and Order

Page **6** of **6**